IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RYAN BUI,

        Petitioner,

   v.

ANTHONY HEDGPETH, Warden,

        Respondent.

        No. C 11-03167 SI

**ORDER GRANTING IN PART CERTIFICATE OF APPEALABILITY**

On June 26, 2013, the Court denied petitioner's habeas corpus petition, and entered judgment accordingly. Petitioner filed a notice of appeal and requested a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability will issue where the petitioner has demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When granting a certificate of appealability, the court must "indicate [for] which specific issue or issues" the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2), (3).

Here, the Court's dismissal was based on a finding that: (1) the state courts did not unreasonably reject petitioner's claim that the exclusion of his friends and family during *voir dire* violated his right to a public trial, and (2) the state courts did not unreasonably reject petitioner's claim that excluding testimony of a witness violated his right to present a defense. Regarding the first claim, although the Supreme Court has held that defendants have a right to a public *voir dire*, the state courts found that the exclusion did not violate petitioner's right because it was a *de minimis* violation. As the Court noted,

the Supreme Court has not ruled on the applicability of the *de minimis* exception to the right to a public trial, and lower courts are divided on the issue. Thus, jurists of reason would find it debatable that the state court violated petitioner's public trial rights. However, the Court does not find that reasonable jurists would differ regarding petitioner's second claim that the witness testimony was improperly excluded.

      Accordingly, the Court hereby GRANTS petitioner's application for a certificate of appealability regarding his Sixth Amendment right to a public trial claim. The clerk shall forward to the court of appeals the case file with this order. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated: July 22, 2013

SUSAN ILLSTON
United States District Judge